POLASKY *v*. KALAMAZOO CIRCUIT JUDGE.

DISMISSAL AND NONSUIT — SUIT BEGUN BY CAPIAS — WAIVER OF TORT—REMEDY OF DEFENDANT.

After defendant, in a suit begun by capias, had put in special bail, plaintiff brought suit in assumpsit against him and another on a part of the notes involved in the capias case, whereupon defendant confessed judgment in the assumpsit case, and pleaded former adjudication in the capias case and waiver of the tort complained of by bringing the suit in assumpsit. *Held*, that a motion to release defendant from bail and dismiss the capias case, for the reasons given, was not defendant's remedy, but he should proceed to trial and support his plea and notice by proof upon which he would obtain judgment, if entitled to it, as upon any other defense.

Mandamus by George Polasky to compel John W. Adams, circuit judge of Kalamazoo county, to set aside an order denying a motion to discharge petitioner from bail in capias proceedings. Submitted January 8, 1907. (Calendar No. 22,037.) Writ denied February 5, 1907.

*S. H. Van Horn* and *Harry C. Howard* (*Odell Chapman*, of counsel), for relator.

*N. H. Stewart*, for respondent.

HOOKER, J. The relator's petition states that he was arrested upon a capias at the suit of the Central Bank of Kalamazoo; that he gave special bail, and pleaded to the declaration, after which said bank commenced an action by declaration against him and the A. Simon Iron Company of Lansing, Mich., upon some of the notes which were involved in the capias case; that relator confessed judgment in the assumpsit case for the entire amount claimed in that action. He afterwards added a notice to his plea in the capias case that he should make the further defense in that proceeding, that, by the pro-

ceedings in the assumpsit case, the plaintiff had waived the tort sued upon. He then filed a motion asking: *First,* that he be released from bail in the capias case, upon the ground that the plaintiff had waived the tort, as hereinbefore set forth, and affirmed the contracts referred to in the capias suit, by starting the aforesaid action in assumpsit; *second,* that the capias suit be dismissed for the same reason. The motion was denied. Thereupon, the relator filed his petition in this court, stating the foregoing facts, and that he will be forced to trial in the capias case, unless the suit be stayed by the order of this court, praying for a stay of proceedings, and a mandamus to compel the circuit judge to vacate his order denying said motion, and to enter an order dismissing said cause and discharging relator's bail. The substance of this application is that, in a suit commenced by capias, where a special bail has been given, and a plea of a former adjudication filed, counsel ask this court to determine, in advance of a trial, the questions of a former adjudication as to part of the claim, and a waiver of the tort charged as to the remainder, *upon motion.* The ordinary and proper way of determining these is by a trial of the issue made by the pleadings, as in the case of any other defense to the merits. If the defendant's plea and notice should be supported by the proof, presumably he will obtain a judgment, if entitled to it. He cannot reach the same result by a motion, to be followed by a mandamus should the motion be denied. It is not a proper remedy. The writ is denied, with costs.

McALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.